Richard W. Suh
LEGAL HELPERS, P.C.
428 J Street, Suite 410
Sacramento, CA 95814
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email: rsu@legalhelpers.com
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| Edward Walker<br>3420 Rancho Tierra Court<br>Cameron Park, CA 95682<br><br>and<br><br>Susan Walker<br>3420 Rancho Tierra Court<br>Cameron Park, CA 95682<br><br>    Plaintiff,<br><br>v.<br><br>Rash Curtis & Associates<br>190 S. Orchard Ave., Suite C250<br>Vacaville, CA 95688<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff Susan Walker is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Susan incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiff Edward Walker ("Edward") is Susan's lawful spouse.

5. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

8. On or around July 23, 2009, Defendant telephoned Susan at Susan's place of employment.

9. During this communication, Susan notified Defendant that Susan was not allowed to receive Defendant's telephone calls at her place of employment and/or that it was inconvenient for Susan to receive Defendant's telephone calls at her place of employment.

10. Despite this notice, on or around July 23, 2009, after the communication above, Defendant telephoned Susan at Susan's place of employment again.

11. During this communication, Susan's boss answered the telephone and passed the call to Susan.

12. During this communication, Susan again notified Defendant that Susan was not allowed to receive Defendant's telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at her place of employment.

13. On or around July 23, 2009, Edward telephoned Defendant.

14. During this communication, Edward requested that Defendant stop calling Susan's place of employment.

15. During this communication, Edward notified Defendant that Susan was not allowed to receive Defendant's telephone calls at Susan's place of employment and/or that it was

inconvenient for Susan to receive Defendant's telephone calls at Susan's place of employment.

16. During this communication, Edward notified Defendant that Susan could lose her job if Defendant continued to call Susan's place of employment.

17. During this communication, Defendant threatened to sue Plaintiffs if the debt was not paid.

18. During this communication, Defendant threatened to obtain a judgment against Plaintiffs if the debt was not paid.

19. At the time of these communications, Defendant had neither the intent nor ability to sue Plaintiffs.

20. At the time of these communications, Defendant had neither the intent nor the ability to obtain a judgment against Plaintiffs.

21. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692c by calling Susan at Susan's place of employment after Defendant knew, or had reason to know, that Susan was not allowed to receive Defendant's telephone calls at her place of employment.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c by calling Susan at a time and/or place known to be inconvenient for Susan.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiffs.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

33. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT SEVEN

### Violation of the Rosenthal Fair Debt Collection Practices Act

35. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

36. In falsely representing to Plaintiffs the non-payment of the debt may result in legal action against Plaintiffs, Defendant violated California Civil Code §§ 1788.10(e).

## COUNT EIGHT

### Violation of the Rosenthal Fair Debt Collection Practices Act

37. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

38. In communicating with Susan at Susan's place of employment for purposes other than verifying employment, obtaining location information, or effectuating a garnishment, Defendant violated California Civil Code §§ 1788.12(a).

## COUNT NINE

### Violation of the Rosenthal Fair Debt Collection Practices Act

39. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

40. In falsely representing that a legal proceeding has been, or is about to be, or will be instituted against Plaintiffs unless payment of the debt was made, Defendant violated California Civil Code §§ 1788.13(j).

## JURY DEMAND

41. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

42. Plaintiffs pray for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment against Defendant for actual damages pursuant to California Civil Code § 1788.30(a), statutory damages for a knowing or willful violation in an amount up to $1,000 pursuant to California Civil Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: /s/ Richard W. Suh
Richard W. Suh
428 J Street, Suite 410
Sacramento, CA 95814
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email: rsu@legalhelpers.com
*Attorney for Plaintiffs*