UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD WALKER and
SUSAN WALKER,

        Plaintiffs,

  v.

RASH CURTIS & ASSOCIATES,

        Defendant.

No. 2:10-cv-00106-MCE-JFM

MEMORANDUM AND ORDER

----oo0oo----

Plaintiffs Edward and Susan Walker ("Plaintiffs") and Defendant Rash Curtis & Associates ("Defendant") have litigated their dispute regarding alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"), and have resolved their substantive differences.  Presently before the Court are two separate motions. First, Plaintiffs filed a Motion for Attorneys' Fees and Costs to have the Court determine the appropriate remuneration under the terms of the settlement agreement. Second, the terms of the settlement agreement are themselves in dispute, as the Defendant filed a Motion to Vacate or Set Aside Judgment Dated September 2, 2010 ("Motion to Vacate").

1

For the reasons set forth below, Defendant's Motion to Vacate the Judgment is denied, and Plaintiffs' Motion for Reasonable Attorneys' Fees is granted in part.[1]

## BACKGROUND[2]

Plaintiff Susan Walker incurred a debt that Defendant either owned or was hired to collect.  Several times on or around July 23, 2009, Defendant made repeated calls to Mrs. Walker's place of business, even after both Plaintiffs explained that Mrs. Walker could not receive personal calls at her place of employment.  During these calls, Defendant threatened to sue Plaintiffs if the debt was not paid.  These exchanges caused Mrs. Walker emotional and mental anxiety and stress. Plaintiffs' filed suit against Defendant for violating the FDCPA, and the California version of the FDCPA, the Rosenthal FDCPA.

On August 3, 2010, Defendant sent Plaintiffs, via postal mail, a "Rule 68 Offer of Settlement."  (ECF No. 15-1.)  The settlement offer stated that, if agreed, Defendant would pay Plaintiffs two thousand and one dollars ($2,001.00) plus reasonable attorneys' fees and costs in exchange for dismissing the case with prejudice.  (Id. at 2.)  The offer was "made for the purposes specified in [Federal Rule of Civil Procedure] Rule 68 and is not to be considered an admission of liability."

---

[1] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

[2] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

1  (Id. at 3.)  Defendant never filed the Offer of Settlement with
2  the Court, but instead sent the offer directly to Plaintiffs.  On
3  August 17, 2010, Plaintiffs filed a Notice of Acceptance of
4  Defendant's Rule 68 Offer of Judgment, stating that both
5  Plaintiffs accepted the terms of settlement.  (ECF No. 15.)  In
6  accordance with the Notice of Acceptance with Offer of Judgment,
7  the Clerk of Court entered the Judgment and closed the case on
8  September 2, 2010.  (ECF No. 17.)
9      On the same day the Clerk entered the Judgment, Defendant
10 filed the Motion to Vacate.  (ECF No. 18.)  In their motion,
11 Defendant states that the Rule 68 Offer of Settlement was not in
12 fact a judgment, and was never intended to serve as a judgment.
13 Specifically, Defendant argues that Federal Rule of Civil
14 Procedure Rule 68[3] distinguishes between judgment and settlement,
15 and the rule should be "construed to include termination of
16 litigation by settlement."  (Id. at 4.)  Instead of issuing a
17 judgment, Defendant asks the Court to enter an order of dismissal
18 with prejudice.  (Id.)
19     In conjunction with the settlement offer to pay attorneys'
20 fees, Plaintiffs filed a Motion for Reasonable Attorneys' Fees
21 and Costs on August 31, 2010.  (ECF No. 16.)  Plaintiffs
22 calculated the fees owed through August 3, 2010.  For 21.8 hours
23 of work, Plaintiffs' counsel states they are owed $4822.50 USD.
24 In their motion, Plaintiffs also argued they should be awarded
25 expenses under FDCPA § 1692k(a)(3).  Plaintiffs' expenses were
26 calculated at $609.50 USD.

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

3

**ANALYSIS**

**A.    Motion to Vacate**

Rule 68 clearly explains the standard for a party to make an offer of judgment. At any time more than ten days preceding trial, a party to the action "may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Rule 68(a). The opposing party may then accept the offer if "within 14 days after being served," they serve "written notice accepting the offer." Id. To confirm the offer, either party may file the "offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." Id.

The word "judgment" is interpreted "broadly to encompass termination of litigation resolved by subsequent settlement." Lang v. Gates, 36 F.3d 73, 76 (9th Cir. 1994). To "preserve and promote the purposes of Rule 68, the phrase 'judgment finally obtained' certainly would encompass" terminating litigation as a result of settlement. Id. By all accounts, at the federal level, there is no material distinction between an offer of "judgment" and an offer of "settlement" under Rule 68.[4] See Jay Horowitz, Rule 68: The Settlement Promotion Tool That Has Not Promoted Settlements, 87 Denv. U. L. Rev. 485, 504-505 (2010).

---

[4] The Court acknowledges the argument that the word "judgment" often connotes an admission of responsibility or acknowledgment of the alleged wrongdoing's occurrence. However, there is no evidence here to suggest that the Rule 68 settlement offer Defendant sent to Plaintiffs confers responsibility or admits wrongdoing on the part of the Defendant. For a discussion of these issues, see Harold S. Lewis, Jr. & Thomas A. Eaton, Rule 68 Offers of Judgment: The Practices and Opinions of Experienced Civil Rights and Employment Discrimination Attorneys, 241 F.R.D 332, 350 (2007).

In the instant case, Defendant's settlement was titled "Rule 68 Offer of Settlement." Obviously, Defendant intended the case to be settled via rule 68. Consequently, because the settlement was offered pursuant to Rule 68, it is irrelevant whether Plaintiffs' acceptance is characterized as a "settlement" or a "judgment." Plaintiffs accepted the offer and executed the requirements of Rule 68, and the Clerk of Court entered the judgment appropriately. Defendant's own motion acknowledges that the primary purpose of Rule 68 is to achieve settlements of this nature. (See Def. Motion to Vacate at 2-3.) The Court sees no reason to overturn the judgment entered. Therefore, Defendant's Motion to Vacate the Judgment is denied.

**B.  Plaintiffs' Motion for Reasonable Attorneys' Fees & Costs**

**1.  Reasonable Attorneys' Fees**

In accordance with the terms of settlement, Plaintiffs filed a Motion for Reasonable Attorneys' Fees and Costs. Rule 54(d)(2) requires that a claim for attorneys' fees be filed by a motion specifying both the manner in which the case was disposed and the amount of fees sought. Essentially adopting the "lodestar" standard set in Hensley v. Eckerhart, 461 U.S. 424 (1983), Eastern District Local Rule 293 further expounds on the requirements necessary for a party to be paid reasonable attorneys' fees. Under Local Rule 293, a party has 28 days to file the motion after an entry of judgment.
///

Further, Rule 293(c) gives the court ample criteria by which to evaluate the reasonableness of attorneys fees, including: (1) the time and labor of the attorney(s), (2) the reputation and ability of the attorney(s), and (3) any other matters the Court "may deem appropriate under the circumstances."

In this case, the terms of the settlement dictated that Defendant pay Plaintiffs' attorneys' fees. Plaintiffs' motion was timely filed under the statute and contained all pertinent information regarding the calculation of reasonable fees. The Court is unpersuaded by Defendant's argument that Plaintiffs' attorneys' *pro hac vice* admission in the Eastern District precludes them in any way from receiving compensation. Defendant also argues that secretarial work not be included in any fee calculation. While this is true, Plaintiffs' description of the work the legal assistants performed is consistent with actual legal work and is not secretarial in nature. (See ECF No. 16-1, itemizing the legal services performed by Plaintiffs' counsel.)

The Court has evaluated each of the lodestar criteria as well as the summary of legal fees requested and determines that the fees are reasonable given the length of the case and the results obtained. Therefore, pursuant to the settlement offer and the factors listed in Local Rule 293(c), Plaintiffs' are entitled to $4,822.50 in reasonable attorneys' fees.

///
///
///
///
///

### 2. Reasonable costs under the FDCPA

Plaintiffs also request reasonable litigation costs and expenses to be paid as part of the settlement pursuant to the FDCPA's Civil Liability provision.  Under the statute, if a plaintiff is successful in enforcing liability on a debt collector who fails to comply with the FDCPA, then "the costs of the action" are recoverable by the prevailing party.  15 U.S.C. § 1692k(a)(3).

As noted above, nothing in the Rule 68 Settlement Offer indicates that Plaintiffs in any way conducted a "successful action to enforce" liability against Defendant under the FDCPA.  <u>Id.</u>  In fact, the settlement offer explicitly states that it is "not to be considered an admission of liability."  (ECF No. 15-1 at 3.)  <u>See</u> <u>Pigeaud v. McLaren</u>, 699 F.2d 401, 402 (11th Cir. 1983) (Plaintiff could not be considered a prevailing party because: (1) the offer of judgment specifically stated that nothing in it should be construed as an admission of liability, and (2) Plaintiff did not establish "success on the merits.").  Therefore, Plaintiffs are not entitled to litigation costs and expenses under the FDCPA.

///
///
///
///
///
///
///

7

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Vacate the Judgment is DENIED.  Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs is GRANTED in part and DENIED in part. Plaintiffs are entitled to reasonable attorneys' fees in the amount of $4,822.50, but are NOT entitled to reasonable costs under the FDCPA.

IT IS SO ORDERED.

Dated: October 19, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE